FILED

2009 APR 23 P 1:39

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| TIMOTHY BOTTONE; MATTHEW DEYSENROTH; ROBERTO DIAZ; MICHAEL J. DONOVAN; STEVEN P. EARL; JOSEPH LaCHIOMA; FRANCIS H. McNELLIS, JR.; ROBERT NOVAK; DAVID S. PURCELL; MIKE RAFFALO; PHIL REEVES; and TIMOTHY M. RICHMOND, Plaintiffs, | : | Civil Action No. |
| VS. | : | |
| CITY OF BRIDGEPORT; CITY OF BRIDGEPORT CIVIL SERVICE COMMISSION; and RALPH JACOBS Defendants. | : | APRIL 23, 2009 |

**COMPLAINT AND JURY TRIAL DEMAND**

The Plaintiffs, Timothy Bottone, Matthew Deysenroth, Roberto Diaz, Michael J. Donovan, Steven P. Earl, Joseph LaChioma, Francis H. McNellis, Jr., David S. Purcell, Mike Raffalo, Phil Reeves, and Timothy M. Richmond, (referred to individually or collectively as the "Plaintiffs"), by way of complaint against the Defendants, the City of Bridgeport, the City of Bridgeport Civil Service Commission and Ralph Jacobs (referred to individually or collectively as the "Defendants"), state:

## NATURE OF THE ACTION

1. This is a civil action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1)("Title VII"); 42 U.S.C. § 1981 ("§ 1981"); 42 U.S.C. § 1983 ("§ 1983"); and the Connecticut Fair Employment Practices Act, CONN. GEN. STAT. §§ 46a-60 *et seq.* (the "CFEPA").

2. Each of the Plaintiffs seeks redress for the Defendants' intentional and unlawful discrimination against them, including, but not limited to, compensatory monetary damages, punitive damages, attorneys' fees and costs.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the Plaintiffs' federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(4). This Court has supplemental jurisdiction with respect to the Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue in this jurisdiction is proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred within this judicial district.

**PARTIES**

5. The Plaintiff, Timothy Bottone, is an individual resident of the State of Connecticut whose address is currently 115 High Rock Road, Sandy Hook, CT 06478. Bottone's race is Caucasian and his color is white.

6. The Plaintiff, Matthew Deysenroth, is an individual resident of the State of Connecticut whose address is currently 21 Church Hill Road, Redding, CT 06896. Deysenroth's race is Caucasian and his color is white.

7. The Plaintiff, Roberto Diaz, is an individual resident of the State of Connecticut whose address is currently 180 Red Robin Road, Naugatuck, CT 06770. Diaz's race is Puerto Rican and his color is white.

8. The Plaintiff, Michael J. Donovan, is an individual resident of the State of Connecticut whose address is currently 16 Jesswig Drive, Hamden, CT 06517. Donovan's race is Caucasian and his color is white.

9. The Plaintiff, Steven P. Earl, is an individual resident of the State of Connecticut whose address is currently 25 Old Fawn Hill Road, Monroe, CT 06468. Earl's race is Caucasian and his color is white.

10. The Plaintiff, Joseph LaChioma, is an individual resident of the State of Connecticut whose address is currently 37 Burtville Road, #16, Derby, CT 06814. LaChioma's race is Caucasian and his color is white.

11. The Plaintiff, Francis H. McNellis, Jr., is an individual resident of the State of Connecticut whose address is currently 11 Knorr Road, Monroe, CT 06468. McNellis' race is Caucasian and his color is white.

12. The Plaintiff, Robert Novak, is an individual resident of the State of Connecticut whose address is currently 30 Falmouth Drive, Shelton, CT 06484. Novak's race is Caucasian and his color is white.

13. The Plaintiff, David S. Purcell, is an individual resident of the State of Connecticut whose address is currently 41 Beachland Avenue, Milford, CT 06460. Purcell's race is Caucasian and his color is white.

14. The Plaintiff, Mike Raffalo, is an individual resident of the State of Connecticut whose address is currently 104 Coppermill Road, Wethersfield, CT 06109. Raffalo's race is Caucasian and his color is white.

15. The Plaintiff, Phil Reeves, is an individual resident of the State of Connecticut whose address is currently 115 Chicken Street, Wilton, CT 06897. Reeves' race is Caucasian and his color is white.

16. The Plaintiff, Timothy M. Richmond, is an individual resident of the State of Connecticut whose address is currently 30 Wedge Hill Drive, Oxford, CT 06478. Richmond's race is Caucasian and his color is white.

17. The Defendant, City of Bridgeport (the "City"), is a municipal corporation organized and existing under the laws of the State of Connecticut and with a business address of City Hall, 45 Lyon Terrace, Rm. 204, Bridgeport, CT 06604-4023.

18. The Defendant, City of Bridgeport Civil Service Commission (the "Commission"), is a subdivision of the City, duly authorized by the Charter of the City of Bridgeport with responsibility for the civil service, located at City Hall, 45 Lyon Terrace, Rm. 204, Bridgeport, CT 06604-4023.

19. The Defendant, Ralph Jacobs ("Jacobs"), was the Personnel Director for the Commission at all times relevant to this Complaint.

20. At all times relevant to this action, the City and the Commission were an "employer" as that term is used and defined in Title VII, § 1981, § 1983 and the CFEPA.

21. At all times relevant to this action, each of the Plaintiffs was an "employee" as that term is defined in Title VII, § 1981, § 1983 and the CFEPA, except that Reeves is currently not employed with the Defendants.

**PROCEDURAL HISTORY**

22. The following Plaintiffs have complied with and fulfilled all administrative prerequisites necessary to file and maintain claims under Title VII and CFEPA: Diaz; LaChioma; McNellis, Jr.; Purcell; Reeves; and Richmond.

23. On or about October 28, 2008, LaChioma and Richmond timely filed charges against the Defendants with the Connecticut Commission on Human Rights and Opportunities (the "CHRO") and the United States Equal Employment Opportunity Commission (the "EEOC").

24. On or about October 29, 2008, Diaz timely filed charges against the Defendants with the CHRO and the EEOC.

25. On or about October 31, 2008, Reeves timely filed charges against the Defendants with the CHRO and the EEOC.

26. On or about November 5, 2008, McNellis timely filed charges against the Defendants with the CHRO and the EEOC.

27. On or about November 14, 2008, Purcell timely filed charges against the Defendants with the CHRO and the EEOC.

28. On or about January 23, 2009, the CHRO issued a notice of Release of Jurisdiction to Diaz, LaChioma, McNellis, Jr., Purcell, Reeves and Richmond. Each of

these Plaintiffs has filed the complaint in this action within 90 days of the date each of these Plaintiffs received the notice of Release of Jurisdiction issued by the CHRO.

29. On or about April 10, 2009, the EEOC issued a Notice of Right to Sue to Diaz, LaChioma, McNellis, Jr., Purcell, Reeves and Richmond. Each of these Plaintiffs has filed the complaint in this action within 90 days of the date each of these Plaintiffs received the Notice of Right to Sue issued by the EEOC.

## GENERAL ALLEGATIONS

30. All of the Plaintiffs are City employees, employed as a Firefighter in the City Fire Department.

31. The Plaintiffs' position as Firefighter is within the competitive division of the classified civil service as defined in the City Charter.

32. By notice dated December 18, 2006 (the "Notice"), the Commission announced that it would hold Competitive Promotional Examination #2230 (the "Exam") for the position of Fire Lieutenant. *(A copy of the Notice is attached as Exhibit A.)*

33. The Notice announced the following scoring methodology for the Exam: "Written examination, relative weight 50%; Oral examination, relative weight 45%; seniority, relative weight 5%."

34. Each of the Plaintiffs qualified for and took the Exam, which was administered in or about April 2007, in reliance on the Notice, including the announced scoring methodology.

35. In or about September 2007, each Plaintiff received notice that he had passed the Exam and qualified as eligible for promotion to the position of Fire Lieutenant.

36. In or about September 2007, the Commission issued a promotional list (the "List"), ranking all candidates who took the Exam and qualified as eligible for promotion based on their Exam scores. *(A copy of the List is attached as Exhibit B.)*

37. According to the List, the Plaintiffs received the following scores and rankings:

a. Diaz ranked 32nd with a final score of 77.29 on the Exam.

b. Lachioma ranked 28th with a final score of 78.69 on the Exam.

c. McNellis ranked 22nd with a final score of 80.22 on the Exam.

d. Purcell ranked 15th with a final score of 83.53 on the Exam.

e. Reeves ranked 18th with a final score of 82.29 on the Exam.

f. Richmond ranked 29th with a final score of 78.63 on the Exam.

g. Bottone ranked 14th with a final score of 83.72 on the Exam.

h. Deysenroth ranked 9th with a final score of 87.63 on the Exam.

i. Donovan ranked 24th with a final score of 80.00 on the Exam.

j. Earl ranked 26th with a final score of 79.04 on the Exam.

k. Novak ranked 3rd with a final score of 97.13 on the Exam.

l. Raffalo ranked 11th with a final score of 86.21 on the Exam.

38. Thereafter, by letter dated July 17, 2008 (the "Announcement"), the Commission announced a surprise decision to re-score the Exam using a new scoring methodology (the "Revised Scoring Methodology"), which assigned relative weights of 75% for the oral examination and 25% for the written examination, with additional 5% seniority credit "for those who pass the examination." *(A copy of the Announcement is attached as Exhibit C.)*

39. The Announcement stated that the change in scoring methodology was: "to correct or reduce the disparate impact that the current exam results have on African Americans and Hispanics."

40. On or about July 18, 2008, the Commission issued a revised promotional list (the "Revised List"), ranking Exam candidates who qualified as eligible for promotion to Fire Lieutenant based on new scores calculated using the Revised Scoring Methodology. *(A copy of the Revised List is attached as Exhibit D.)*

41. On or about July 18, 2008, the Plaintiffs received notice that their Exam scores had changed, which resulted in a lower score and promotional ranking and, in some instances, no ranking at all.

42. According to the Revised List, the Plaintiffs received the following adjusted scores and rankings:

a. Diaz's adjusted Exam score was 75.50, which lowered his ranking for promotion from 32nd to 43rd.

b. LaChioma's adjusted Exam score was 75.59, which lowered his ranking for promotion from 28th to 42nd.

c. McNellis' adjusted Exam score was 82.19, which lowered his ranking for promotion from 22nd to 24th.

d. Purcell's adjusted Exam score was 83.73, which lowered his ranking for promotion from 15th to 19th.

e. Reeves' adjusted Exam score was 69.90, which lowered his score below the minimum passing score of 70.00 which is required for promotion eligibility.

f. Richmond's adjusted Exam score was 69.90, which lowered his score below the minimum passing score of 70.00 which is required for promotion eligibility.

g. Bottone's Adjusted Exam score was 83.09, which lowered his ranking for promotion from 14th to 20th.

h. Deysenroth's Adjusted Exam score was 87.45, which lowered his ranking for promotion from 9th to 13th.

i. Donovan's Adjusted Exam score was below the minimum passing score of 70.00 which is required for promotion eligibility.

j. Earl's Adjusted Exam score was 78.69, which lowered his ranking for promotion from 26th to 34th.

k. Novak's Adjusted Exam score was 95.73, which lowered his ranking for promotion from 3rd to 6th.

l. Raffalo's Adjusted Exam score was 83.05, which lowered his ranking for promotion from 11th to 21st.

43. On or about July 29, 2008, Bottone, Diaz, Donovan, Earl LaChioma, Raffalo and Reeves filed appeals with the Commission, challenging the re-scoring

decision and posting of the Revised List on grounds of discrimination as well as on other grounds. These appeals were scheduled to be heard on September 9, 2008.

44. On or about July 31, 2008, Deysenroth and Novak filed appeals with the Commission, challenging the re-scoring decision and posting of the Revised List on grounds of discrimination as well as on other grounds. These appeals were scheduled to be heard on September 9, 2008.

45. On or about August 8, 2008, Purcell and Richmond filed appeals with the Commission, challenging the re-scoring decision and posting of the Revised List on grounds of discrimination as well as on other grounds. These appeals were scheduled to be heard on September 9, 2008.

46. On or about August 18, 2008, McNellis filed an appeal with the Commission, challenging the re-scoring decision and posting of the Revised List on grounds of discrimination as well as on other grounds. This appeal was scheduled to be heard on September 9, 2008.

47. On the afternoon of Friday, August 8, 2008, while some of the appeals were pending before the Commission but before any of the appeals were heard, the City announced approximately fifteen (15) promotions from the Revised List (the

"Promotions"), effective the morning of Sunday, August 10, 2008. (*A copy of the Chief's Order announcing the Promotions is attached as Exhibit E.)*

48. The Promotions were announced less than thirty (30) days after the Revised List issued, in violation of the City Charter.

49. On April 22, 2009, after hearings on September 9, 2008, December 16, 2008 and December 29, 2008, the Commission denied the appeals filed by each Plaintiff by a vote of 3-1.

## <u>COUNT ONE</u>

**(Title VII)**
**(On behalf of Diaz, LaChioma, McNellis, Jr., Purcell, Reeves and Richmond)**
**(As to the City and the Commission)**

1-49. Paragraphs 1 through 49 above are hereby repeated, realleged and incorporated by reference as paragraphs 1 through 49 of this First Count.

50. As a result of the conduct of the City and the Commission, the following Plaintiffs, Diaz, LaChioma, McNellis, Jr., Purcell, Reeves and Richmond, lost the opportunity to prepare for and take the Exam and lost promotional rank and/or eligibility to less qualified Exam candidates due to race and/or color.

51. The City and the Commission discriminated against Diaz, LaChioma, McNellis, Jr., Purcell, Reeves and Richmond because of their race and color in violation of Title VII.

52. The discriminatory conduct of the City and the Commission was willful and in reckless disregard of the rights afforded to Diaz, LaChioma, McNellis, Jr., Purcell, Reeves and Richmond under Title VII.

53. As a result of the unlawful acts of the City and the Commission, the following Plaintiffs, Diaz, LaChioma, McNellis, Jr., Purcell, Reeves and Richmond have suffered pecuniary loss and a loss of other rights, privileges and conditions of employment as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, anxiety and other emotional distress.

**COUNT TWO**

**(§ 1983: violation of § 1981)**
**(On behalf of all Plaintiffs)**
**(As to the City and the Commission)**

1-49. Paragraphs 1 through 49 of Count One of this Complaint are hereby repeated, realleged and incorporated by reference as paragraphs 1 through 49 of this Count Two.

50. The City and the Commission acted under color of state law and operated to deprive each of the Plaintiffs of their rights guaranteed under § 1981.

51. The City and the Commission acted pursuant to a municipal policy, custom or practice.

52. As a result of the conduct of the City and the Commission, the Plaintiffs lost the opportunity to prepare for and take the Exam and lost promotional rank and/or eligibility to less qualified Exam candidates due to race and/or color.

53. The City and the Commission discriminated against the Plaintiffs because of their race and color in violation of §§ 1981 and 1983.

54. The discriminatory conduct of the City and the Commission was willful and in reckless disregard of the rights afforded the Plaintiffs under §§ 1981 and 1983.

55. As a result of the unlawful acts of the City and the Commission, the Plaintiffs have suffered pecuniary loss and a loss of other rights, privileges and conditions of employment as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, anxiety and other emotional distress.

## COUNT THREE

**(§ 1983: violation of § 1981)**
**(On behalf of all Plaintiffs)**
**(As to Jacobs individually)**

1-49. Paragraphs 1 through 49 of Count One of this Complaint are hereby repeated, realleged and incorporated by reference as paragraphs 1 through 49 of this Count Three.

50. Jacobs acted under color of state law and operated to deprive each of the Plaintiffs of their rights guaranteed under § 1981.

51. As a result of Jacob's conduct, the Plaintiffs lost the opportunity to prepare for and take the Exam and lost promotional rank and/or eligibility to less qualified Exam candidates due to race and/or color.

52. Jacobs discriminated against the Plaintiffs because of their race and color in violation of §§ 1981 and 1983.

53. Jacobs' discriminatory conduct was willful and in reckless disregard of the rights afforded the Plaintiffs under §§ 1981 and 1983.

54. As a result of Jacobs' unlawful acts, the Plaintiffs have suffered pecuniary loss and a loss of other rights, privileges and conditions of employment as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, anxiety and other emotional distress.

## COUNT FOUR

**(§ 1983: procedural due process)**
**(On behalf of all Plaintiffs)**
**(As to the City and the Commission)**

1-49. Paragraphs 1 through 49 of Count One of this Complaint are hereby repeated, realleged and incorporated by reference as paragraphs 1 through 49 of this Count Four.

50. The Plaintiffs have a constitutionally protected property right in their employment, including, but not limited to, promotional opportunities, eligibility and priority, which cannot be taken without due process.

51. The City and the Commission acted under color of state law and operated to deprive the Plaintiffs of their property rights without due process in violation of the

Fourteenth Amendment to the United States Constitution and Article First, § 10 of the Connecticut Constitution.

52. The City and the Commission acted pursuant to a municipal policy, custom or practice.

53. The conduct of the City and the Commission was willful and in reckless disregard of the rights afforded the Plaintiffs as set forth above.

54. As a result of the unlawful acts by the City and the Commission, the Plaintiffs have suffered pecuniary loss and a loss of other rights, privileges and conditions of employment as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, anxiety and other emotional distress.

## COUNT FIVE

**(§ 1983: procedural due process)**
**(On behalf of all Plaintiffs)**
**(As to Jacobs individually)**

1-49. Paragraphs 1 through 49 of Count One of this Complaint are hereby repeated, realleged and incorporated by reference as paragraphs 1 through 49 of this Count Five.

50. The Plaintiffs have a constitutionally protected property right in their employment, including, but not limited to, promotional opportunities, eligibility and priority, which cannot be taken without due process.

51. Jacobs acted under color of state law and operated to deprive the Plaintiffs of their property rights without due process in violation of the Fourteenth Amendment to the United States Constitution and Article First, § 10 of the Connecticut Constitution.

52. Jacobs' conduct was willful and in reckless disregard of the rights afforded the Plaintiffs as set forth above.

53. As a result of Jacobs' unlawful acts, the Plaintiffs have suffered pecuniary loss and a loss of other rights, privileges and conditions of employment as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, anxiety and other emotional distress.

**COUNT SIX**

**(§ 1983: equal protection under the law)**
**(On behalf of all Plaintiffs)**
**(As to the City and the Commission)**

1-49. Paragraphs 1 through 49 of Count One of this Complaint are hereby repeated, realleged and incorporated by reference as paragraphs 1 through 49 of this Count Six.

50. The City and the Commission acted under color of state law and operated to deprive each of the Plaintiffs of their rights to equal protection under the law as guaranteed under Fourteenth Amendment to the United States Constitution and Article First, § 1 of the Connecticut Constitution.

51. The Plaintiffs were deprived of their rights to equal protection under the law because of their race and color.

52. The City and the Commission acted pursuant to a municipal policy, custom or practice.

53. The conduct of the City and the Commission was willful and in reckless disregard of the rights afforded the Plaintiffs as set forth above.

54. As a result of the unlawful acts by the City and the Commission, the Plaintiffs have suffered pecuniary loss and a loss of other rights, privileges and

conditions of employment as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, anxiety and other emotional distress.

## COUNT SEVEN

**(§ 1983: equal protection under the law)**
**(On behalf of all Plaintiffs)**
**(As to Jacobs individually)**

1-49. Paragraphs 1 through 49 of Count One of this Complaint are hereby repeated, realleged and incorporated by reference as paragraphs 1 through 48 of this Count Seven.

50. Jacobs acted under color of state law and operated to deprive each of the Plaintiffs of their rights to equal protection under the law as guaranteed under Fourteenth Amendment to the United States Constitution and Article First, § 1 of the Connecticut Constitution.

51. The Plaintiffs were deprived of their rights to equal protection under the law because of their race and color.

52. Jacobs' conduct was willful and in reckless disregard of the rights afforded the Plaintiffs as set forth above.

53. As a result of Jacobs' unlawful acts, the Plaintiffs have suffered pecuniary loss and a loss of other rights, privileges and conditions of employment as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, anxiety and other emotional distress.

## COUNT EIGHT

**(The CFEPA)**
**(On behalf of Diaz, LaChioma, McNellis, Jr., Purcell, Reeves and Richmond)**
**(As to the City and the Commission)**

1-49. Paragraphs 1 through 49 of Count One of this Complaint are hereby repeated, realleged and incorporated by reference as paragraphs 1 through 49 of this Count Eight.

50. As a result of the conduct of the City and the Commission, the following Plaintiffs, Diaz, LaChioma, McNellis, Jr., Purcell, Reeves and Richmond, lost the opportunity to prepare for and take the Exam and lost promotional rank and/or eligibility to less qualified Exam candidates due to race and/or color.

51. The City and the Commission discriminated against Diaz, LaChioma, McNellis, Jr., Purcell, Reeves and Richmond because of their race and color in violation of the CFEPA.

52. The discriminatory conduct of the City and the Commission was willful and in reckless disregard of the rights afforded to Diaz, LaChioma, McNellis, Jr., Purcell, Reeves and Richmond under the CFEPA.

53. As a result of the unlawful acts of the City and the Commission, the following Plaintiffs, Diaz, LaChioma, McNellis, Jr., Purcell, Reeves and Richmond, have suffered pecuniary loss and a loss of other rights, privileges and conditions of employment as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, anxiety and other emotional distress.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiffs demand that a judgment enter in their favor and against the Defendants for the following relief:

1. An order requiring the Defendants to cease and desist from their discriminatory practices;

2. An order requiring the Defendants to reinstate the original Exam scores and the List of promotional eligibility to the position of Fire Lieutenant;

3. An order requiring the Defendants to effectuate promotions to the position of Fire Lieutenant in accordance with the List;

4. Back pay, interest and other lost benefits and other such amounts necessary to make all of the Plaintiffs whole for lost wages and benefits pursuant to § 1981 and § 1983;

5. Back pay, interest and other lost benefits and other such amounts necessary to make Diaz, LaChioma, McNellis, Jr., Purcell, Reeves and Richmond whole for lost wages and benefits pursuant to Title VII;

6. Front pay for all of the Plaintiffs pursuant § 1981 and § 1983;

7. Front pay for Diaz, LaChioma, McNellis, Jr., Purcell, Reeves and Richmond pursuant to Title VII;

8. Compensatory damages (for both pecuniary and non-pecuniary losses suffered), punitive damages, reasonable attorneys' fees and costs pursuant to Title VII for Diaz, LaChioma, McNellis, Jr., Purcell, Reeves and Richmond;

9. Compensatory damages (for both pecuniary and non-pecuniary losses suffered), punitive damages, reasonable attorneys' fees (42 U.S.C. § 1988) and costs pursuant to § 1981 for all of the Plaintiffs;

10. Compensatory damages (for both pecuniary and non-pecuniary losses suffered), punitive damages, reasonable attorneys' fees (42 U.S.C. § 1988) and costs pursuant to § 1983 for all of the Plaintiffs;

11. Compensatory damages (for both pecuniary and non-pecuniary losses suffered), punitive damages, reasonable attorneys' fees and costs pursuant to the CFEPA for Diaz, LaChioma, McNellis, Jr., Purcell, Reeves and Richmond;

12. Prejudgment interest; and

13. Such other and further legal or equitable relief to which the Plaintiffs may be entitled.

Respectfully Submitted,

**THE PLAINTIFFS,**

By______________________

Richard L. Albrecht, Esq. *(ct05751)*
David A. Ball, Esq. *(ct10154)*
Courtney A. George, Esq. *(ct23393)*
Jesse A. Langer, Esq. *(ct 25440)*
COHEN AND WOLF, P.C.
1115 Broad Street
Bridgeport, CT 06604
*Tel. No. (203) 368-0211*
*Fax No. (203) 394-9901*
*E-mail:* ralbrecht@cohenandwolf.com
*E-mail:* dball@cohenandwolf.com
*E-mail:* cgeorge@cohenandwolf.com
*E-mail:* jlanger@cohenandwolf.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| TIMOTHY BOTTONE; MATTHEW DEYSENROTH; ROBERTO DIAZ; MICHAEL J. DONOVAN; STEVEN P. EARL; JOSEPH LaCHIOMA; FRANCIS H. McNELLIS, JR.; ROBERT NOVAK; DAVID S. PURCELL; MIKE RAFFALO; PHIL REEVES; and TIMOTHY M. RICHMOND, Plaintiffs, | : | Civil Action No. |
| VS. | : | |
| CITY OF BRIDGEPORT; CITY OF BRIDGEPORT CIVIL SERVICE COMMISSION; and RALPH JACOBS Defendants. | : | APRIL 23, 2009 |

**REQUEST FOR TRIAL BY JURY**

The Plaintiffs respectfully request a trial by jury as to all claims and issues so triable in the above-captioned case.

Respectfully Submitted,

**THE PLAINTIFFS,**

By____________________________

Richard L. Albrecht, Esq. *(ct05751)*
David A. Ball, Esq. *(ct10154)*
Courtney A. George, Esq. *(ct23393)*
Jesse A. Langer, Esq. *(ct 25440)*
COHEN AND WOLF, P.C.
1115 Broad Street
Bridgeport, CT 06604
*Tel. No. (203) 368-0211*
*Fax No. (203) 394-9901*
*E-mail:* ralbrecht@cohenandwolf.com
*E-mail*: dball@cohenandwolf.com
*E-mail:* cgeorge@cohenandwolf.com
*E-mail:* jlanger@cohenandwolf.com

# EXHIBIT "A"

Competitive Promotional Examination #2230
Fire Lieutenant
Date Issued: December 18, 2006

NOTICE

The Civil Service Commission of the City of Bridgeport will hold a competitive promotional examination for Fire Lieutenant, at a time and location to be announced at a later date.

APPLICATIONS: Each candidate must complete an application form supplied by the Commission and file it at the office of the Commission. Application forms, to be accepted, must be delivered personally, or bear a postmark, not later than **January 18, 2007.**

SALARY RANGE: $51,376 - $53,093; appointments to be made at the minimum entrance salary of $51,375 a year. Advancements within the salary range may be made in accordance with the terms of the contract between the City of Bridgeport and Bridgeport Fire Fighters, Local 834, AFL-CIO.

DUTIES: Technical and supervisory fire fighting work of ordinary difficulty and responsibility, involving direct command of an engine, truck or rescue company during an assigned tour of duty; related work as required; performed under technical direction.

REQUIREMENTS: This examination is open to Fire Fighters, Pumper Engineers and Fire Equipment Mechanics who meet the following requirements: three years of satisfactory experience as a Civil Service, City of Bridgeport, Firefighter, Pumper Engineer or Fire Equipment Mechanic preceding January 4, 2005*; working knowledge of modern firefighting apparatus and methods of firefighting; good knowledge of the rules and regulations of the Fire Department and the laws and ordinances relating to fire prevention; good knowledge of the geography of the City of Bridgeport; knowledge and appreciation of the responsibilities and problems of command; skill in prescribed hose, ladder and apparatus practices; ability to recognize fire hazards; ability to size up situations and people and to get along well with others, to direct them in their work and to get them to work effectively; ability to prepare reports; industry, resourcefulness and good judgment.

SUBJECTS OF EXAMINATION: Written examination, relative weight 50%; Oral examination, relative weight 45%; seniority, relative weight 5%. Candidate will be required to pass a qualifying service rating in order to be placed on the employment list.

EXAMINATION REVIEW PROCEDURE: Each candidate will have an opportunity to review his or her examination during the one-month period after the date of announced results. The papers will be open to inspection during the period from 9:00 A.M., to 1:00 P.M., Monday through Friday(excluding holidays). Every inspection period will be monitored by the staff of the Civil Service Office, and no candidate will be allowed to copy examination questions or take any written material from the review room. The time allowed for review will be equal to the time allowed for taking the test. No candidate will be allowed more than two visits to review his or her papers.

* Walker vs. Jankura - First vacancy after the expiration of the last Lieutenant employment list was Craig Kelly.

CIVIL SERVICE COMMISSION, 45 Lyon Terrace, City Hall, Room 325
Bridgeport, Connecticut 06604
An Equal Opportunity Employer M/F

# EXHIBIT "B"

FIRE LIEUTENANT - LIST #0230 ESTABLISHED 9/[illegible]0/2007 09/20/2007 04:15 PM

| FinlRank | FinlScor | LastName | FirstName | Certified | Prob Appt |
|---|---|---|---|---|---|
| 1.00 | 104.75 | ELLIS | ANDREW | | |
| 2.00 | 97.42 | ROLFE | RONALD | | |
| 3.00 | 97.13 | NOVAK | ROBERT | | |
| 4.00 | 96.68 | MORIS | SCOTT E. | | |
| 5.00 | 91.03 | ESPOSITO | NICHOLAS A. | | |
| 6.00 | 90.94 | MOROTTO | PETER J. | | |
| 7.00 | 89.55 | FENIX | DARRIEN W. | | |
| 8.00 | 89.33 | DONNELLY | LAWRENCE A | | |
| 9.00 | 87.63 | DEYSENROTH | MATTHEW | | |
| 10.00 | 86.64 | FIERLIT JR. | ANDREW | | |
| 11.00 | 86.21 | RAFFALO | MICHAEL | | |
| 12.00 | 85.56 | WILLIAMSON | LEE A. | | |
| 13.00 | 84.85 | CODY | MARK | | |
| 14.00 | 83.72 | BOTTONE | TIMOTHY J | | |
| 15.00 | 83.53 | PURCELL | DAVID S. | | |
| 16.00 | 83.18 | SANZO | GIOVANNI | | |
| 17.00 | 82.89 | VELASQUEZ | STEVEN J. | | |
| 18.00 | 82.29 | REEVES | PHILIP W. | | |
| 19.00 | 81.72 | SHEPARD | TIMOTHY | | |
| 20.00 | 81.63 | CONNOLLY | THOMAS | | |
| 21.00 | 80.33 | PELAGGI | JOSEPH C. | | |
| 22.00 | 80.22 | MCNELLIS, JR. | FRANK H. | | |
| 23.00 | 80.05 | DOBBS | DAVID C. | | |
| 24.00 | 80.02 | DONOVAN | MICHAEL | | |
| 25.00 | 79.85 | TAYLOR | JOSEPH F. | | |
| 26.00 | 79.04 | EARL | STEVEN | | |

FIRE LIEUTENANT - LIST #0230 -- ESTABLISHED 9/26/E 007 (continued)

| FinlRank | FinlScor | LastName | FrstName | Certified | Prob Appt |
|---|---|---|---|---|---|
| 27.00 | 78.80 | DAITO | ROBERT DAVID | | |
| 28.00 | 78.69 | LACHIOMA | JOSEPH E. | | |
| 29.00 | 78.63 | RICHMOND | TIMOTHY M. | | |
| 30.00 | 78.10 | RODRIGUEZ | REYNALDO | | |
| 31.00 | 77.62 | MARTINS | FERNANDO | | |
| 32.00 | 77.29 | DIAZ | ROBERTO | | |
| 33.00 | 76.07 | FORTES | KENNETH C | | |
| 34.00 | 75.94 | FIRPI | MARK A. | | |
| 35.00 | 74.28 | MULLIGAN | TIMOTHY | | |
| 36.00 | 74.04 | KAPITANCEK | STEPHEN | | |

# EXHIBIT "C"

*CITY OF BRIDGEPORT, CONNECTICUT*
CIVIL SERVICE COMMISSION
CITY HALL * 45 LYON TERRACE * BRIDGEPORT, CONNECTICUT 06604-4023 * (203) 576-7103 * Fax 576-7102

RALPH H. JACOBS
Personnel Director

Commissioners
LEONOR GUEDES
President

ROSA J. CORREA
RICHARD P. RODGERS
T. WALTER PLUMMER
VALERIE LEAS-SORRENTINO

July 17, 2008

Dear Fire Lieutenant Candidate:

After the results of all appeals by candidates to the Civil Service Commission were compiled and the testing scores were appropriately revised, a calculation was run to determine if the results of the examination would pass the constitutional test for disparate impact as provided for in the Equal Employment Opportunity Commission's "Uniform Employee Selection Guidelines", otherwise known as the 4/5ths rule. The Fire Lieutenant exam failed the 4/5ths rule for both African Americans and Hispanic candidates. The success rate for African American and Hispanic candidates was considerably less than 4/5$^{ths}$ of the success rate for white candidates. Since at most 36 candidates are likely to be promoted from this civil service list over the course of its 2 year life span, the 4/5$^{ths}$ rule calculations were conducted on the first 36 candidates on the list.

EEO law requires that if a valid examination has a disparate impact and there is a way to reduce the disparate impact without destroying the validity of the exam, then it is necessary for City to reduce the disparate impact. The City has reviewed the exam for validity, and has sought an alternative method of using the exam results that would reduce the disparate impact, while still preserving the validity of the exam. The current weighting of .5 for the written and .45 for the oral were used in order to comply with previous agreements that the City had with the Firefighter's Union. However, that weighting methodology now needs to be modified in an effort to comply with the City's obligations under federal law to correct or reduce the disparate impact that the current exam results have on African Americans and Hispanics.

In order to reduce the disparate impact and sustain the validity of the exam, the examiner has determined that a weighting of .75 for the oral and .25 for the written portions of the exam is justified and therefore, these weights have been used to rescore the exam. By amending the weighting to .75 for the oral and .25 for the written, the City meets its obligations under federal law by reducing the adverse impact on African American and Hispanic candidates. At the same time this re-weighting makes the weighting consistent with the job analysis done for this examination. Of course the .05 weight for seniority is added to the results for those who pass the examination.

Throwing out the exam or using the exam with current weightings are not viable options. Changing the weighting to be consistent with the job analysis and federal law is the proper choice open to the City and the candidates as a group. This is so because it avoids throwing out a valid examination, reasonably reduces the adverse impact on African Americans and Hispanic Americans, sustains the quality of the exam consistent with the job analysis, and meets the City's obligations under federal law.

Sincerely,

Ralph H. Jacobs
Personnel Director
Bridgeport Civil Service Commission

# EXHIBIT "D"

FIRE LIEUTENANT - EXAM 2230 REVISED LIST EST 7/10/08 07/10/2008 12:07 AM

| FinlRank | FinlScor | LastName | FrstName | Certified | Prob. Appt. |
|---|---|---|---|---|---|
| 1.00 | 104.75 | ELLIS | ANDREW | | |
| 2.00 | 102.95 | BORIS | SCOTT E. | | |
| 3.00 | 101.15 | ROLFE | RONALD | | |
| 4.00 | 99.19 | WILLIAMSON | LEE A. | | |
| 5.00 | 96.99 | DONNELLY | LAWRENCE A | | |
| 6.00 | 95.73 | NOVAK | ROBERT | | |
| 7.00 | 94.64 | MOROTTO | PETER J. | | |
| 8.00 | 92.39 | ESPOSITO | NICHOLAS A. | | |
| 9.00 | 91.74 | PENIX | DARRIEN L. | | |
| 10.00 | 91.04 | CODY | MARK | | |
| 11.00 | 90.85 | FIERLIT JR. | ANDREW | | |
| 12.00 | 88.99 | MORALES | RONALD | | |
| 13.00 | 87.45 | DEYSENROTH | MATTHEW | | |
| 14.00 | 86.53 | SANZO | GIOVANNI | | |
| 15.00 | 85.65 | CONNOLLY | THOMAS | | |
| 16.00 | 85.59 | VELASQUEZ | STEVEN J. | | |
| 17.00 | 83.84 | PELAGGI | JOSEPH C. | | |

ANGELA

City of Bridgeport Connecticut

p.2

FIRE LIEUTENANT - EXAM 8238 REVISED LIST EST 7/18/08 (continued)

| FinlRank | FinlScor | LastName | FrstName | Certified | Prob. Appt. |
|---|---|---|---|---|---|
| 18.00 | 83.74 | DOBBS | DAVID C. | | |
| 19.00 | 83.73 | PURCELL | DAVID E. | | |
| 20.00 | 83.09 | BOTTONE | TIMOTHY J | | |
| 21.00 | 83.05 | RAFFALD | MICHAEL | | |
| 22.00 | 82.83 | BAITO | ROBERT DAVID | | |
| 23.00 | 82.48 | SHEPARD | TIMOTHY | | |
| 24.00 | 82.19 | MCNELLIS, JR. | FRANK H. | | |
| 25.00 | 81.20 | FIRPI | MARK A. | | |
| 26.00 | 80.75 | MULLIGAN | TIMOTHY | | |
| 27.00 | 80.13 | NORRIS | FRANK | | |
| 28.00 | 80.08 | SZABO | ZOLTAN J. | | |
| 29.00 | 79.89 | LEWIS SR | VICTOR J | | |
| 30.00 | 79.70 | KAPITANCEK | STEPHEN | | |
| 31.00 | 79.49 | RODRIGUEZ | REYNALDO | | |
| 32.00 | 79.15 | LENGYEL JR. | PAUL M. | | |
| 33.00 | 78.80 | CORBI | KEVIN T. | | |
| 34.00 | 78.69 | EARL | STEVEN | | |
| 35.00 | 78.65 | FORTES | KENNETH C | | |

FIRE LIEUTENANT - EXAM 2230 REVISED LIST EXT 7/18/08 (continued)

| FinlRank | FinlScor | LastName | FrstName | Certified | Prob. Appt. |
|---|---|---|---|---|---|
| 36.00 | 78.18 | MARTINS | FERNANDO | | |
| 37.00 | 77.95 | KAMSZIK | MICHAEL | | |
| 38.00 | 77.87 | TAYLOR | JOSEPH F. | | |
| 39.00 | 77.46 | CHRISTY | JOEL | | |
| 40.00 | 77.00 | DIES | TIMOTHY W | | |
| 41.00 | 75.96 | SABITSKY | STANLEY | | |
| 42.00 | 75.59 | LACHIOMA | JOSEPH E. | | |
| 43.00 | 75.50 | DIAZ | ROBERT | | |
| 44.00 | 75.35 | SANTIAGO | LOUIS | | |
| 45.00 | 75.28 | BUCHLA | BRUCE | | |

# EXHIBIT "E"

Chief's Order

CO 27-2008

August 8, 2008

To: All Companies, Battalions, and Divisions

Re: Transfers and Assignments

The following transfers and assignments will take place at 08:00 A.M., Sunday, August 10, 2008.

| | | | |
|---|---|---|---|
| Provisional LT A Ellis | to | Probationary Lieutenant | Lad 5 D |
| Provisional LT S Boros | to | Probationary Lieutenant | Eng 1 D |
| Provisional LT R Rolfe | to | Probationary Lieutenant | Eng 7 A |
| Provisional LT L Williamson | to | Probationary Lieutenant | Eng 6 C |
| Provisional LT L Donnelly | to | Probationary Lieutenant | Eng 12 C |
| Provisional LT R Novak | to | Probationary Lieutenant | Eng 12 D |
| Provisional LT P Morotto | to | Probationary Lieutenant | Eng 10 A |
| Provisional LT N Esposito | to | Probationary Lieutenant | Eng 7 C |
| Provisional LT D Penix | to | Probationary Lieutenant | Lad 6 A |
| Provisional LT M Cody | to | Probationary Lieutenant | Eng 1 C |
| Provisional LT A Fierlit | to | Probationary Lieutenant | Eng 4 C |
| Firefighter T Connolly | to | Probationary Lieutenant | Lad 11 A |
| Provisional LT M Deysenroth | to | Probationary Lieutenant | Eng 3 D |
| Pumper Eng G Sanzo | to | Probationary Lieutenant | Eng 16 C |
| Firefighter S Valasquez | to | Probationary Lieutenant | Lad 11 D |
| Firefighter N Dundy E 16-A | to | | Eng 1-D |

The following members are relieved of provisional status and assigned

| | | | |
|---|---|---|---|
| Provisional Lt M Raffalo Lad 11-A | to | Firefighter | Lad 5-D |
| Provisional Lt D Purcell Eng 16-C | to | Firefighter | Lad10-D |
| Provisional Lt T Bottone Lad 11-D | to | Firefighter | Eng 12-B |

The following positions are assigned by bid Union contract article 18, section 1-A.

| | | | | |
|---|---|---|---|---|
| Firefighter M Bigard | Lad 11-A | to | Firefighter | Lad 11-A bid |
| Firefighter J Herring | Eng 3-B | to | Firefighter | Eng 4-B bid |
| Firefighter J Georgia | Eng 10-A | to | Firefighter | Eng 16-A bid. |
| Pumper Engineer J Quinn | Eng 4-C | to | Engineer | Eng 16-C bid |
| Prov P/Engineer P Lengyel | Eng 16-C | to | Prov P/Engineer | Eng 4-C |

Thomas Connor
A/Deputy Chief
Operations